| | |
|---|---|
| **S**ILVERMAN**A**CAMPORA **LLP**<br>Attorneys for Kenneth P. Silverman, Esq.,<br>  the Chapter 7 Trustee<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300<br>Justin S. Krell, Esq. | **Hearing Date:**   **June 5, 2018**<br>**Time:**   **10:30 a.m.**<br><br>**Objection Date: May 29, 2018**<br>**Time:**   **5:00 p.m.**<br><br>**Offer Deadline: May 29, 2018**<br>**Time:**   **5:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                        Chapter 7
                                                                                                    Case No: 14-75543 (AST)
STEVEN J. HOROWITZ,

                          Debtor.
-----------------------------------------------------------x

### NOTICE OF HEARING ON TRUSTEE'S MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING AND APPROVING TERMS AND CONDITIONS OF TRUSTEE'S SALE OF DEBTOR'S RESIDENTIAL CONDOMINIUM, <u>AND A WAIVER OF THE STAY UNDER BANKRUPTCY RULE 6004</u>

**PLEASE TAKE NOTICE**, that by motion dated May 1, 2018 (the "**Motion**")[1], Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate of Steven J. Horowitz (the "**Debtor**"), by and through his counsel, SilvermanAcampora LLP, will move before the Honorable Alan S. Trust, United States Bankruptcy Judge, Courtroom 960, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **June 5, 2018 at 10:30 a.m.** (the "**Hearing**"), or as soon thereafter as counsel can be heard, seeking the entry of the proposed order annexed to the Motion as **Exhibit A** pursuant to §§ 105 and 363 of Title 11, United States Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Court's Local Bankruptcy Rules (the "**Local Rules**"), authorizing and approving the Residential Contract For Sale and Purchase with annexed Rider (collectively, the "**Terms of Sale**") entered into by and between the Trustee and Tony and Lisa Vaughn, a copy of which is annexed to the Motion as **Exhibit B**, for the sale of the Trustee's rights, title, and interest in and to the Debtor's residential condominium unit known as 2660 South Ocean Boulevard, Apartment 301-W, Palm Beach, Florida 33480 (the "**Condo**"), subject to higher and/or better offers as may be tendered prior to the Offer

Deadline, free and clear of all liens, claims, encumbrances, security interests and other restrictions on transfer (collectively, the "**Liens**"), with such Liens, if any, to attach to the net proceeds of the sale in the amount and priority as they currently exist, a waiver of the stay under Bankruptcy Rule 6004(h), and such other relief as this Court deems proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Motion shall: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefore; (iv) be filed with this Court electronically in accordance with General Order 559 (General Order 559 and the User's Manual for the Electronic Filing Case System can be found at http://www.nyeb.uscourts.gov, the official website for this Court), by registered users of this Court's electronic case filing system, and by all other parties in interest, on a disk, in Portable Document Format (PDF), Word Perfect or any other Windows-based word processing format with the Clerk the United States Bankruptcy Court located at Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, with a courtesy copy to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York; and (v) be served upon: (a) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Justin S. Krell, Esq.' (b) Pryor & Mandelup, L.L.P., 675 Old Country Road Westbury, New York 11590. Attn: A. Scott Mandelup, Esq.; and (c) The Office of the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, no later than **May 29, 2018 at 5:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that any party wishing to submit a higher or better offer for the purchase of the Condo must: (i) agree to the same or substantially similar terms and conditions of sale as set forth in the Terms of Sale; (ii) submit a written offer to the Trustee and/or the Trustee's Broker, Jeffrey Ray, LLC, by no later than **5:00 p.m. on May 29, 2018**; and (iii) and provide the Trustee with a deposit in an amount no less than 10% of the Minimum Bid by the Offer Deadline.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing to consider the Motion may be adjourned without further notice other than by announcement of such adjournment in open Court or by the filing of a notice of such adjournment on the Court's docket for the Debtor's case.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Jericho, New York
      May 2, 2018

                          **SILVERMANACAMPORA LLP**
                          Attorneys for Kenneth P. Silverman, Esq.,
                           the Chapter 7 Trustee

                  By:    *s/Justin S. Krell*
                          Justin S. Krell
                          Counsel to the Firm
                          100 Jericho Quadrangle - Suite 300
                          Jericho, New York 11753
                          (516) 479-6300

| | |
|---|---|
| **SILVERMANACAMPORA LLP** | **Hearing Date:** **June 5, 2018** |
| Attorneys for Kenneth P. Silverman, Esq., | **Time:** **10:30 a.m.** |
|   the Chapter 7 Trustee | |
| 100 Jericho Quadrangle, Suite 300 | **Objection Date: May 29, 2018** |
| Jericho, New York 11753 | **Time:** **5:00 p.m.** |
| (516) 479-6300 | |
| Justin S. Krell, Esq. | **Offer Deadline: May 29, 2018** |
| | **Time:** **5:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                           Chapter 7
                                                                                      Case No: 14-75543 (AST)
STEVEN J. HOROWITZ,

                                             Debtor.
-----------------------------------------------------------x

### TRUSTEE'S MOTION FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING AND APPROVING TERMS AND CONDITIONS OF TRUSTEE'S SALE OF DEBTOR'S RESIDENTIAL CONDOMINIUM, AND A WAIVER OF THE STAY UNDER BANKRUPTCY RULE 6004

**TO:    THE HONORABLE ALAN S. TRUST**
**          UNITED STATES BANKRUPTCY JUDGE**

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the estate of Steven J. Horowitz (the "**Debtor**"), by his counsel, SilvermanAcampora LLP, submits this motion (the "**Motion**") seeking the entry of the proposed order annexed hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to §§ 105 and 363 of Title 11, United States Code (the "**Bankruptcy Code**"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Court's Local Bankruptcy Rules (the "**Local Rules**"), authorizing and approving the Residential Contract For Sale and Purchase with annexed Rider (collectively, the "**Terms of Sale**") entered into by and between the Trustee and Tony and Lisa Vaughn (collectively, the "**Purchaser**") (a copy of the Terms of Sale is annexed hereto as **Exhibit B)**, for the sale of the Trustee's rights, title, and interest in and to the Debtor's residential condominium unit known as 2660 South Ocean Boulevard, Apartment 301-W, Palm Beach, Florida  33480 (the "**Condo**"), subject to higher and/or better offers as may be tendered prior to the Offer Deadline (defined below), free and clear of all liens, claims, encumbrances, security interests

and other restrictions on transfer (collectively, the "**Liens**"), with such Liens, if any, to attach to the net proceeds of the sale in the amount and priority as they currently exist, a waiver of the stay under Bankruptcy Rule 6004(h), and such other relief as this Court deems proper, and respectfully represents as follows:

**Preliminary Statement**

By this Motion, the Trustee seeks entry of the Proposed Order pursuant to Bankruptcy Code §§ 105 and 363, authorizing him to consummate the sale of the Condo to the Purchaser. Pursuant to the executed Terms of Sale annexed hereto as "Exhibit B", the Purchaser has agreed to pay the sum of One Million Seven Hundred Twenty-Five Thousand and 00/100 ($1,725,000.00) Dollars (the "**Purchase Price**") to purchase the Condo, subject to, among other things, higher and/or better offers and this Court's approval. As demonstrated below, the Terms of Sale should be approved because they represent the reasonable exercise of the Trustee's business judgment. The Terms of Sale are the product of substantial arms-length negotiations between the Trustee's professionals and the Purchaser and Purchaser's counsel. Although the proposed sale is subject to higher or better offers, the Trustee does not contemplate an auction process for the sale of the Condo. The Trustee has considered the net benefit to the estate that the Terms of Sale provide versus an auction sale. It is believed that the Terms of Sale reflect the best opportunity to obtain a fair purchase price for the Condo, particularly, because the marketing efforts to obtain a purchaser of the Condo have been substantial and have only resulted in limited offers, with the current offer being the highest and best offer presented to the Court for approval. Therefore, the Terms of Sale should be approved as they represent the reasonable exercise of the Trustee's business judgment. Additionally, the Trustee requests that the stay imposed under Bankruptcy Rule 6004(h) be waived so as to minimize the carrying costs relating to the maintenance of the Condo.

## BACKGROUND

**The Debtor's Initial Bankruptcy**

1. On December 16, 2014, the Debtor filed a voluntary petition (the "**Petition**") under chapter 7 of the Bankruptcy Code in this Court.

2. Thereafter, Kenneth P. Silverman, Esq., was appointed the interim chapter 7 trustee of the Debtor's estate and was duly qualified as the permanent Trustee.

3. Based on the Trustee's investigation of the Debtor's disclosed assets, the Trustee filed his Report of No Distribution on January 12, 2015.

4. Thereafter, the Debtor received a discharge pursuant to Bankruptcy Code § 727(a) and the Court issued the Final Decree on March 17, 2015, closing this case. [ECF Doc. No. 9].

**The Debtor's Interest in the Trust**

5. On December 21, 1992, Phyllis Horowitz ("**Phyllis**"), the Debtor's mother, executed, as trustee, a document entitled "Phyllis Horowitz Residence Trust Agreement" establishing the Trust, with herself as income beneficiary and naming the Debtor as the holder of a contingent remainder interest as to the principal of the Trust, which consisted of Phyllis' 100% ownership interest in the Condo.

6. The Trust provided, *inter alia*, that the termination date of the Trust was the earlier of the death of Phyllis or twelve (12) years after the date of the Trust (*i.e.*, December 21, 2004).

7. On December 14, 2004, by Agreement to Modify the Phyllis Horowitz Residence Trust Agreement Dated 12/21/1992 (the "**Trust Amendment**"), Phyllis extended the termination date of the Trust through and including the later of December 21, 2014 or Phyllis' death.

8. On December 7, 2011, Phyllis, as trustee of the Trust entered into the Lease, with herself as tenant, for a term of 98 years, commencing December 1, 2011, and the Debtor executed a "Consent" thereto, dated January 4, 2012.

9. As of the Petition Date, Phyllis was alive and the Trust was in full force and effect.

10. The Debtor's interest under the Trust and his contingent remainder interest in the Condo under the Trust were not listed on his bankruptcy schedules filed with the Petition.

11. On December 21, 2014, the "income term" of the Trust expired and the Debtor became entitled to sole ownership of the fee interest in the Condo and all rights of landlord under the Lease.

12. On February 19, 2015, Phyllis, as trustee of the Trust, issued to the Debtor a Trustee Deed to the Condo, which was approved by the Condominium Association on March 5, 2015.

**The Florida Action**

13. By complaint dated July 21, 2015 (the "**Complaint**"), the Debtor commenced an action against Phyllis, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Civil Division, Case No.: 502015CA008372XXXXMB A1 (the "**Florida Action**"), seeking judgment, *inter alia*: (i) declaring the Lease from the Trust to Phyllis invalid and directing Phyllis to vacate the Condo; and (ii) for damages, under an unjust enrichment theory, for Phyllis' receipt of the benefit of residing in the Condo without paying rent.

14. On August 14, 2015, Phyllis filed an answer to the Complaint in the Florida Action (the "**Answer**"), alleging as affirmative defenses, *inter alia*, that: (i) the Condo was property of the Debtor's bankruptcy estate; (ii) the Debtor failed to disclose his interest in the Condo; (iii) the Debtor lacks standing to bring the Florida Action; (iv) the Trustee has an interest in the Condo and is an indispensable party to the Florida Action; (v) each creditor listed in the Debtor's bankruptcy schedules is an indispensable party to the Florida Action; and (vi) Phyllis

was a creditor of the Debtor and could have received a full or partial satisfaction of her claim if the Debtor had disclosed his interest in the Condo, and alleging a counterclaim against the Debtor seeking declaratory judgment reforming the Lease, declaring the parties' rights under the Lease, and quieting Phyllis' 98 year leasehold interest under the Lease, and imposing a constructive trust on the Condo for the benefit of Phyllis, presumably during the term of the Lease.

**The Debtor's Reopened Bankruptcy Case**

15.     By Motion dated September 21, 2015 and Amended Notice of Presentment dated September 22, 2015 (collectively, the "**Motion to Reopen**"), the Debtor moved for an order of the Court, pursuant to Bankruptcy Code § 350(b) and Bankruptcy Rule 5010, reopening the Debtor's Chapter 7 case to permit the Debtor to file amended Schedules "A" and "B" scheduling his interest, as of the Petition Date, under the Trust and/or his interest in the Condo [Docket No. 11].

16.     The Debtor alleged in the Motion to Reopen that his interest in the Trust and/or in the Condo are excluded from property of the Estate pursuant to Bankruptcy Code § 541(c)(2).

17.     On December 22, 2015, the Court entered an order, as amended (the "**December Order**"), directing the Debtor to file an affidavit as to how long he had known or believed that he had any interest in the Condo, how he learned of such interest, and why no interest was scheduled during his bankruptcy case.

18.     The December Order further directed the Office of the United States Trustee (the "**UST**") to appoint a chapter 7 trustee, who within forty-five (45) days of his appointment was required file an affidavit or affirmation as to whether he would administer the Condo if the case is reopened, following which the matter would be on submission [Docket No. 17].

19.     On December 30, 2015, the UST filed a Notice of Appointment appointing the Trustee as the chapter 7 trustee for the Debtor's reopened case [Docket No. 19].

20. On January 12, 2016, the Debtor filed an affidavit in response to the December Order [Docket No. 20].

21. On February 8, 2016, the Trustee filed an affidavit stating that he would seek to administer the Condo in the event the Court decided to reopen the case [Docket No. 21].

22. By Order Reopening Chapter 7 Case for the Limited Purpose Set Forth Herein dated April 25, 2016, the Court granted the Motion to Reopen, reopening the Debtor's Chapter 7 case "for the limited purpose of allowing the Debtor to file amended schedules and to allow the chapter 7 trustee to administer the Condo", directed the Debtor to file amended Schedules A and B(19), and gave the Trustee 90 days from entry of the order to file a motion seeking to sell or otherwise liquidate the Debtor's interest in the Condo for the benefit of creditors of the Estate [Docket No. 23].

23. On May 3, 2016, the Debtor filed an Affidavit Pursuant to E.D.N.Y. LBR 1009-1, sworn to May 3, 2016, and Amended Schedules "A/B", "C", and "D", scheduling as an asset the Debtor's contingent remainder interest in the Condo under Phyllis' spendthrift Trust and stating that, pursuant to Bankruptcy Code § 541(c)(2), the interest is not property of the Estate, claiming said interest under the Trust to be exempt under NY CPLR 5205(c)(1), to the extent that it is not excluded from property of the Estate pursuant to Bankruptcy Code § 541(c)(2) [Docket No. 25].

**The Settlement**

24. The Trustee contended, *inter alia*, that: (i) the Debtor's interest in the Condo and the Debtor's contingent remainder interest under the Trust constitute property of the Estate under Bankruptcy Code § 541 and are not entitled to any exemption; (ii) the Debtor's consent to the Trust Amendment is avoidable pursuant to Bankruptcy Code § 548(e)(1); and (iii) the Debtor's consent to the Trust Amendment voided the spendthrift provision of the Trust thereby

creating a self-settled trust, the *res* of which is not protected from allowed claims asserted against the Debtor (collectively, the "**Trustee's Claims**").

25.     The Trustee and the Debtor, through their respective counsel, engaged in substantial negotiations to amicably resolve the Trustee's Claims without the costs, risks, and delays attendant to litigation.

26.     On December 8, 2017, the Court entered an order approving a stipulation of settlement by and among the Trustee, the Debtor, Phyllis and other parties that, among other things, determined that the Condo was property of the estate and that the Trustee was authorized to liquidate the Condo for the benefit of the Debtor's estate. [Docket No. 53].

### The Proposed Sale of the Condo

27.     On March 20, 2017, this Court entered an order authorizing the Trustee to retain Jeffrey Ray, LLC ("**Ray**") as the Trustee's broker for the purpose of marketing and selling the Condo. [Docket No. 43].

28.     The Trustee, through Ray, has been engaged in an active marketing campaign beginning in or around December 2017 to solicit and negotiate offers for the purchase of the Condo.  Ray has advised the Trustee that those marketing efforts, included and shall continue to include: (a) advertising for a proposed sale of the Condo; (b) offering a proposed sale through various listing services, including but not limited to, MLS (multiple listing service), as well as regular Emails and Eblasts to prospective purchasers; (c) creating flyers with respect to a proposed sale for prospective purchasers; and (d) showing the Condo to prospective purchasers.

29.     As a result of Ray's efforts, the Trustee has received and accepted the current offer for the sale of the Condo, subject to this Court's approval.  However, any party wishing to submit a higher and/or better offer for the Condo must: (i) agree to the same or substantially similar terms and conditions of sale as set forth in the Terms of Sale; (ii) submit a written offer to the Trustee by no later than **5:00 p.m. on May 29, 2018** (the "**Offer Deadline**"), with a purchase

price of no less than **$1,750,000.00** (the "**Minimum Offer**"); (iii) and provide the Trustee with a deposit in an amount no less than 10% of the Minimum Bid (the "**Deposit**") by the Offer Deadline. The Deposit must be in the form of a bank check, or wire transfer, made payable to " Kenneth P. Silverman, as Chapter 7 Trustee" and be delivered to the Trustee's undersigned attorneys by the Offer Deadline. Offers received on or before the Offer Deadline shall be considered by the Trustee and if such offer is deemed to be a higher and/or better offer by the Trustee, that offer shall be presented to the Court at the hearing to consider this Motion, which is scheduled for **June 5, 2018 at 10:30 a.m.**

30. The Terms of Sale were negotiated by and between the Trustee and the Purchaser at arm's length and in good faith. Accordingly, the Trustee requests that the Bankruptcy Court determine that the Purchaser has acted in good faith and is entitled to the protections of a good faith purchaser under Bankruptcy Code § 363(m). The Purchaser has already executed the Terms of Sale, and has provided the Trustee with a deposit of One Hundred Seventy-Two Thousand Five Hundred and 00/100 Dollars ($172,500.00), which the Trustee is holding in an earnest money account pending this Court's approval of the sale. Thus, the Trustee and his professionals have determined that the sale of the Condo to the Purchaser, pursuant to Bankruptcy Code § 363(b) and (f), subject to higher and/or better offers, free and clear of all liens, claims and encumbrances, if any, provides a benefit to the estate.

31. As part of his considerations in determining to proceed with the Terms of Sale, the Trustee has considered that there has been a substantial marketing period that resulted in limited offers. Moreover, it is believed that any further delay in the sale of the Condo may result in the loss of the current offer and any offer received thereafter may be for a lesser value.

32. Annexed hereto as **Exhibit C** is the declaration of Jeffrey Ray, President of Ray, setting forth the marketing efforts undertaken by Ray and Ray's determination that the current offer is likely the highest and best offer that the estate will receive for the purchase of the Condo.

33. Therefore, the Trustee seeks authorization and approval for the sale of the Condo to the Purchaser pursuant to the Terms of Sale.

## The Basis for the Relief Requested

34. This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157(a) and 1334, and the Order of Reference of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105, 363(b) and (f) and Bankruptcy Rules 2002 and 6004, Local Rule 6004-1, and this Court's Administrative Order No. 557 adopting the Sale Guidelines.

35. Bankruptcy Code § 363(b)(1) provides that "the Trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."[1] The terms of such sale are generally within the sound discretion of the Debtor, or if applicable

---

[1] Section 363 of the Bankruptcy Code provides, in relevant part, as follows:

> (b) (1)  The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.
> * * *
> (f)  The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other that the estate, only if
> * * *
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> * * *
> (2) such entity consents;
> * * *
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> * * *
> (5) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

See 11 U.S.C. § 363 (b)(1) and (f).

Although Bankruptcy Code section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Second Circuit, in applying this section, has required that it be based upon the sound business judgment of the trustee. *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Chateaugay Corp.,* 973 F.2d 141 (2d Cir. 1993); *In re Thomson McKinnon Securities, Inc.,* 120 B.R. 301 (Bankr. S.D.N.Y. 1990).

the Trustee.  *See In re Ionosphere Clubs, Inc.*, 100 B.R. 670 (Bankr. S.D.N.Y. 1989) (sale of debtor's airline shuttle assets approved where representing the exercise of independent good faith and non-coerced business judgment by the debtor, the debtor articulated a compelling business reason for the sale and the price represented fair value).  As recognized by the Second Circuit in *In re Lionel Corp.*, 722 F.2d 1063, (2d Cir. 1983), a court may approve a Bankruptcy Code § 363 application after expressly determining from the evidence presented at the hearing, that a good business reason exists to grant such application.

36. In accordance with Federal Rule of Bankruptcy Procedure 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public auction.

37. As set forth herein, the Trustee respectfully submits that compelling business justifications exist for the approval of this Motion and the sale of the Condo to the Purchaser. Moreover, the Trustee's professionals have investigated the Condo and believe that there are no liens held against the Condo.  Moreover, the Debtor's petition and schedules do not reflect any liens being held against the Condo.

38. Consequently, the Trustee submits that the foregoing standard pursuant to Bankruptcy Code § 363 has been satisfied in the instant matter, and respectfully requests the Court authorize and approve the sale of the Condo to the Purchaser.

39. Pursuant to Rule 6004(a) and (c) and 2002(a)(2), the Trustee provided notice of this Motion and the Terms of Sale to all creditors listed in the Debtor's schedules, all parties who have filed a notice of appearance in the Debtor's case, all parties having filed a proof of claim in the Debtor's cases, and the Office of the United States Trustee.

### **Waiver of Bankruptcy Rule 6004(h) Stay**

40. Under Bankruptcy Rules 6004(h), all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order, unless otherwise ordered by the Court. FED. R. BANKR. P. 6004(h).  The

stay period is intended to provide sufficient time for an objecting party to appeal the same before the order is implemented.  *See* Advisory Committee Notes to FED. R. BANKR. P. 6004(h).

41.     In this case, the Trustee requests that the order confirming the sale be made effective as of the date the order is entered, notwithstanding the provisions of Bankruptcy Rule 6004(h).  The Trustee does not believe that any party will object to the relief requested in this Motion and, therefore, does not believe that any appeal will be taken from the order confirming the sale.

42.     In addition, the costs relating to the maintenance of the Condo, which include but are not limited to, utilities, maintenance, assessments, real estate taxes, and any other costs associated with the Condo continue to accrue each day that the sale of the Condo has not closed, and any potential purchaser would need to immediate access to the Condo to commence renovations.  Accordingly, the Trustee believes that the waiver of the stay under Bankruptcy Rule 6004(h) is appropriate in this case.

### Notice of the Motion

43.     As discussed above, the Condo has been broadly marketed and offered for sale by Ray.  The Trustee proposes that this Motion, all exhibits annexed thereto, which includes the Terms of Sale, be provided to: (i) the Debtor; (ii) the Debtor's counsel; (iii) the Office of the United States Trustee for Region 2; (iv) the appropriate taxing authorities; (v) those persons or entities who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; (vi) parties that have expressed an interest in the Condo; and (vii) all other creditors of the Debtor's estate.  The Trustee submits that such notice is reasonable, and is good and proper notice and no additional notice is necessary or required.

**WHEREFORE**, the Trustee respectfully requests that this Court grant this Motion approving the sale of the Condo to the Purchaser for the Purchase Price, subject to higher or better offers, and granting such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
      May 2, 2018

                          **SILVERMANACAMPORA LLP**
                          Counsel to Kenneth P. Silverman,
                           the Chapter 7 Trustee


                          By: *s/Justin S. Krell*
                                Justin S. Krell
                          Counsel to the Firm
                          100 Jericho Quadrangle, Suite 300
                          Jericho, New York 11753
                          (516) 479-6300