UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re: Chapter 7
Case No: 14-75543 (AST)

STEVEN J. HOROWITZ,

Debtor.
---------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 363 AUTHORIZING AND APPROVING TERMS AND CONDITIONS OF TRUSTEE'S SALE OF DEBTOR'S RESIDENTIAL CONDOMINIUM AND A WAIVER OF THE STAY UNDER BANKRUPTCY RULE 6004**

Upon the motion dated May 2, 2018 (the "**Motion**") of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the estate of Steven J. Horowitz (the "**Debtor**"), by his counsel, SilvermanAcampora LLP, seeking the entry of the proposed order annexed to the Motion as **Exhibit A**, pursuant to §§ 105 and 363 of Title 11, United States Code (the "**Bankruptcy Code**"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Court's Local Bankruptcy Rules, authorizing and approving the Residential Contract For Sale and Purchase with annexed Rider entered into by and between the Trustee and Tony and Lisa Vaughn (collectively, the "**Vaughns**"), a copy of which is annexed to the Motion as **Exhibit B**, for the sale of the Trustee's rights, title, and interest in and to the Debtor's residential condominium unit known as 2660 South Ocean Boulevard, Apartment 301-W, Palm Beach, Florida 33480 (the "**Condo**"), subject to higher and/or better offers as may be tendered prior to the Offer Deadline, free and clear of all liens, claims, encumbrances, security interests and other restrictions on transfer (collectively, the "**Liens**"), with such Liens, if any, to attach to the net proceeds of the sale in the amount and priority as they currently exist, a waiver of the stay under Bankruptcy Rule 6004(h), and such other relief as this Court deems proper; and upon the Declaration of Jeffrey Ray, President of Jeffrey Ray, LLC, the Trustee's retained broker for the estate, in support of the sale of the Condo by the Trustee, a copy of which is annexed to the Motion as **Exhibit C**; and upon the

Declaration of Justin S. Krell, Esq. (the "**Declaration**"), in support of the Trustee's sale of the Condo to Edward and Marla Schwartz (collectively, the "**Successful Bidders**"), the parties having submitted the highest and best offer for the purchase of the Condo for the sum of One Million Eight Hundred Twenty Thousand and 00/100 ($1,820,000.00) Dollars (the "**Purchase Price**"); and upon the Residential Contract For Sale and Purchase with annexed Rider, executed by and between the Trustee and the Successful Bidders (the "**Terms of Sale**"), a copy of which is annexed to the Declaration as **Exhibit A**; and upon the hearing having been held on June 5, 2018 to consider the Motion and the sale of the Condo to the Successful Bidders, the record of which is incorporated by reference herein; and the Court having found that the sale of the Condo to the Successful Bidders for the sum of Purchase Price is fair and reasonable and in the best interest of the estate and that the Successful Bidders' offer was the best and highest, and the Successful Bidders are good faith purchasers entitled to all of the relevant protections; and sufficient cause having been shown; and additional notice neither being necessary nor required; and after due deliberation, it is hereby

**ORDERED**, that pursuant to Bankruptcy Code § 363(f) the Trustee is authorized and empowered to sell the estate's right, title and interest in and to the Condo to the Successful Bidders, or the Successful Bidders' designee or assignee, in consideration of the Purchase Price in accordance with the Terms of Sale, free and clear of all Liens, with such Liens, if any, to attach to the proceeds of such sale in the priority and validity as they presently exist; and it is further

**ORDERED**, that pursuant to the terms of the Amended Stipulation of Settlement, which was approved by Order of this Court dated December 8, 2017 [ECF Dkt. No. 53], the Trustee is authorized to make the following distributions from the gross sale proceeds as follows:

A. **First $1,800,000.00 of Gross Sale Proceeds**. The first $1,800,000.00 of the gross proceeds of the sale of the Condo ("**Gross Sale Proceeds**") shall be distributed and/or held by the Trustee as follows:

(i) At the closing of the sale of the Condo the Trustee shall be authorized to make the following distributions (the "**Closing Distributions**"):

a. any and all routine closing costs resulting from the sale of the Condo (which shall not include the Broker's Commission, Trustee's commissions and the Trustee's professionals' fees and costs, including his attorneys and accountants),

b. any and all transfer or other taxes due and owing by the Estate as the seller on the Sale of the Condo and not otherwise exempted by applicable law;

c. any and all unpaid Condo Costs, which would constitute or could become liens against the Condo;

d. any and all condominium association transfer fees and/or condominium association attorneys' fees in connection with the Sale of the Condo; and

(ii) within ten (10) days of the Gross Sale Proceeds, less the Closing Distributions (the "**Initial Net Proceeds**"), clearing the Trustee's estate account for the Debtor's case, the Trustee is authorized and directed to make the following distributions (the "**Settlement Distributions**"), without further order of the Court:

a. the sum of $275,000 (less the amount of any unpaid Condo Costs payable by Phyllis pursuant to Paragraph "4" of the Amended Settlement Agreement which Phyllis fails to pay) plus the amount of any Excess Condo Costs in full and final satisfaction of the Phyllis Claim (as defined in the Amended Settlement Agreement), including Phyllis' leasehold interest, occupancy, and any other interests in the Condo, by check made payable to "Farrell Fritz, P.C., as attorneys" and delivered to Phyllis' attorneys;

b. the sum of $410,000 payable to Westgate Financial Corp. ("**Westgate**") in full and final satisfaction of the Westgate Claim (as defined in the Amended

Settlement Agreement), provided that no Settlement Distributions shall be paid to Westgate unless and until the Phyllis Claim is paid in full;

c. the sum of $675,000.00 to be paid in partial consideration for the release of the Debtor's claim to the Condo, by check made payable to "Pryor & Mandelup, L.L.P., as attorneys" and delivered to the Debtor's attorneys, provided that no Settlement Distributions shall be paid to the Debtor unless and until the Phyllis Claim is paid in full; and

**ORDERED**, that the net sale proceeds available after making the foregoing distributions, shall be held by the Trustee pending further order of this Court; and it is further

**ORDERED**, that in the absence of a stay pending appeal, if the Successful Bidders fully perform under the Terms of Sale at any time on or after the entry of this Order, that the Successful Bidders are good faith purchasers and the sale was in good faith and at arm's length and without fraud or collusion such that the Successful Bidders and the Trustee shall be entitled to the protections of Bankruptcy Code § 363(m); and it is further

**ORDERED**, that the Notice of Hearing on the Motion and the Motion (with all Exhibits annexed thereto) provided to: (i) the Debtor; (ii) the Debtor's counsel; (iii) the Office of the United States Trustee for Region 2; (iv) the appropriate taxing authorities; (v) those persons or entities who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; (vi) parties that have expressed an interest in the Condo; and (vii) all other creditors of the Debtor's estate, is deemed good and sufficient service and no further notice of the relief provided for herein is necessary or required; and it is further

**ORDERED**, that notwithstanding Bankruptcy Rules 7062 and 8005, the stay under Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry by the Court; and it is further

**ORDERED**, that this Court retains exclusive jurisdiction to interpret and enforce this Order and any of the transactions contemplated by the Terms of Sale, and it is further

**ORDERED**, that, upon the entry of this Order, the Trustee is authorized to refund the deposit in the amount of One Hundred Seventy-Five Thousand and 00/100 ($175,000) Dollars being held on behalf of the Vaughns in the Trustee's earnest monies account for the Debtor's case to the Vaughns; and it is further

**ORDERED**, that the Trustee be, and hereby is, authorized to do such things, execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of this Order.




**Dated: June 28, 2018**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**